### Silas Woodson *v.* Frank Ballinger, etc.

**Compromise and Settlement—Matter in Litigation.**
   A matter in litigation is a proper subject of compromise.

**Judgment—Correction of.**
   Where the court errs in fixing the time from which interest shall be computed, the error cannot be corrected at a subsequent term of court.

APPEAL FROM MADISON CIRCUIT COURT.

September 18, 1873.

OPINION BY JUDGE LINDSAY:

The unsettled controversy involved in the litigation between Woodson & Ballinger was the proper and legitimate subject of compromise.

Woodson, by his letter bearing date March 9, 1867, proposed to Ballinger in definite and unmistakable terms to settle the matter by refunding without interest the amount paid to him by Ballinger under Judge Randall's decree, and also to transfer to Ballinger all demands and claims for rent and damages growing out of his (Woodson's) vendees having been ousted from their possession by the proceedings in the Franklin Circuit Court.

The proposition was accepted within a reasonable time, and before it had been withdrawn or modified, hence it became from the time Woodson was notified of the acceptance a binding contract, which neither party could abandon or change without the consent of the other.

There is nothing in Woodson's letter indicating an intention to require Ballinger to put him in possession of the Knox County lands, before refunding the moneys received under Randall's judgment, and transferring the claims for rent. Upon the contrary, he stated that he had already employed an attorney to take the necessary steps to regain the possession of the lands, thereby indicating an intention not to look to Ballinger for the possession.

The judgment of July 2, 1869, is therefore affirmed.

We are of opinion, however, that this was a final judgment determining the rights of the parties, as well with regard to the interest as to the principal of the sum due to appellee, and that the court had no power at a subsequent term to render an additional judgment for the interest accruing between the time when Ballinger accepted Woodson's proposition of compromise and the rendition of the judgment of July 2, 1869. If the court erred in this judgment in fixing the time from which interest should be computed, it was error that it had no power at a subsequent term to correct. The judgment of March 27, 1870, must therefore be reversed. The cause is remanded for proceedings not inconsistent with this opinion.

*Lindsey, for appellant.*

*Moore, for appellee.*